UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARREL W. MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY BLADES, Warden SICI,<br><br>    Defendants. | Case No. 1:09-CV-00476-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court in this habeas corpus action is Respondent's Motion to Dismiss (Dkt. 13). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

  Petitioner was provided with an extension of time through November 20, 2010 to file a response to the motion to dismiss. He has not done so in the several months since the extension of time was granted. Accordingly, the Court will reviewed the propriety of dismissal based upon the State's motion and briefing, the record in this matter, the state court record, and its own independent research. Having considered these items, the Court issues the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Petitioner was charged with felony eluding a police officer in the Fourth Judicial District Court in Ada County, Idaho in Case No. CR-MD-2008-0001589. He was also charged with felony DUI (two or more within the prior ten years) in Case No. CR-FE-2008-0007741. The cases were consolidated for purposes of pleading and sentence. (State's Lodging A-1, p. 32-35.)

On direct appeal, Petitioner presented the following issue: "Did the district court abuse its discretion when it imposed a unified sentence of five years with three years fixed upon Mr. Morris following his conviction for eluding, and a consecutive unified sentence of ten years, with three years fixed for his conviction of driving under the influence?" (State's Lodging D-3, p. 6.) Petitioner did not mention the United States Constitution or any federal law in his briefing. (State's Lodging D-3.) Petitioner's main argument on appeal was that the sentencing court abused its discretion under Idaho Code § 19-2523 when it declined to make findings about, and failed to consider, Petitioner's mental illness before it imposed a sentence. Petitioner further argued that the sentencing court abused its discretion by imposing excessive sentences. Petitioner conceded that the sentence was within statutory limits but relied on state case law for his argument that Petitioner's potential for rehabilitation as a mitigating factor was ignored by the sentencing court. (*Id.*) The Idaho Court of Appeals affirmed, without any mention of constitutional considerations. (State's Lodging D-6.) Petitioner's petition for review, based

on state statute and case law, was denied by the Idaho Supreme Court. (State's Lodging D-9.)

Petitioner then filed his federal Habeas Corpus Petition. He brings four claims: (1) the trial court failed to "consider mandatory § 19-2523 factors regarding medically documented illness and functional impairments as a result of illnesses, recognized as well under [the ADA]" (Fifth Amendment); (2) ineffective assistance of trial counsel for allowing the trial court to fail to "address mandatory § 19-2523 requirements and not presenting medical authorities requested by Defendant," to show his medical and mental limitations as diagnosed in compliance with the ADA (Sixth Amendment); (3) the trial court denied him equal protection by not following mandatory legal standards applicable to sentencing as guaranteed under state and federal constitutions," in that Petitioner has "a disability which has been recognized by state and federal law, yet was intentionally denied by the court, orally, to be considered in sentencing, directly and purposely violating [his] rights" (Fourteenth Amendment); and (4) cruel and unusual punishment in violating I.C. § 19-2523, the ADA, and the Civil Rights Act (Eighth Amendment). (Dkt. 1, pp. 2-4.)

## RESPONDENT'S MOTION TO DISMISS

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the

**MEMORANDUM DECISION AND ORDER - 3**

petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Respondent contends that Petitioner's claims are procedurally defaulted because he failed to raise them as federal claims in the state courts. For the following reasons, the Court agrees that the claims are procedurally defaulted.

**1.     Standard of Law Governing Procedural Default**

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review, *see Baldwin v. Reese*, 541

**MEMORANDUM DECISION AND ORDER - 4**

U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[1]

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

**2.     Discussion of Procedural Default**

As detailed above, Petitioner presented one issue, consisting of two sentencing arguments, to the Idaho Supreme Court. Each argument was presented as a state law claim. Petitioner did not cite the United States Constitution, the Fifth Amendment, the Eighth Amendment, the Fourteenth Amendment, the Cruel and Unusual Punishment Clause, the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act, or the federal Civil Rights Act as grounds for his claim in state court.

---

[1] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

**MEMORANDUM DECISION AND ORDER - 5**

Rather, Petitioner relied on state statutes and case law only, citing an "abuse of discretion" standard. As a result, his federal claims are procedurally defaulted.

3.     **Standard of Law Governing Exceptions**

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *See Murray v. Carrier*, 477 U.S. at 488; *Schlup v. Delo*, 513 U.S. at 329.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To show a miscarriage of justice, Petitioner must make a colorable showing of

**MEMORANDUM DECISION AND ORDER - 6**

factual innocence, *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995), supporting his allegations of constitutional error with new reliable evidence that was not presented at trial, *Schlup v. Delo*, 513 U.S. 298, 324 (1995). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

Where the defendant pleaded guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. at 327.

For the following reasons, the Court will not engage in an analysis of cause and prejudice or miscarriage of justice at this time.

**4.       Petitioner's Suggestion of a Pending Post-Conviction Action**

In a letter to the Court received August 2, 2010, Petitioner stated that he has a post-conviction relief application pending in state court. However, he provided no case number or other information. The Court's review of the state court repository records showed no post-conviction case. Court staff's telephone calls to the Ada County Clerk of Court confirmed that no post-conviction case appeared to be pending. The Court will provide Petitioner with ten (10) days in which to file a copy of his pending post-conviction

**MEMORANDUM DECISION AND ORDER - 7**

application and notify the Court of the status of that case and whether he seeks a stay of this case. (As noted above, Petitioner will have to present the claims in his post-conviction application to the state courts through the level of the Idaho Supreme Court if he intends to later bring those claims here; and, he cannot bring them in a separate federal habeas corpus action, but must bring them in this same action.)[2]

If Petitioner provides documentation showing that he has a pending case, then the Court will consider staying this case rather than dismissing it. If he provides nothing further, the Court will conduct a cause and prejudice and miscarriage of justice analysis, which may result in dismissal of this case with prejudice. Petitioner may also use the ten-day extension period to file a brief showing any facts that would support a cause and prejudice or miscarriage of justice argument. Respondent is also welcome to file a notice informing the Court of the status of any pending state court actions filed by Petitioner that relate to the same convictions and sentences.

---

[2] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a habeas petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court to litigate all of his claims. *Id*. at 276-77. In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

**MEMORANDUM DECISION AND ORDER - 8**

# ORDER

**IT IS ORDERED** that Respondent's Motion to Dismiss (Dkt. 13) is GRANTED to the extent that the Court concludes that all of Petitioner's claims are procedurally defaulted. Within ten (10) days after entry of this Order, Petitioner may file documentation showing that he has a pending post-conviction case in state court, or he may file briefing identifying facts that would support a cause and prejudice or miscarriage of justice argument. Respondent may file a notice informing the Court of the status of any pending state court actions filed by Petitioner that relate to the same convictions and sentences.

DATED: March 8, 2011

Honorable Mikel H. Williams
United States Magistrate Judge